HULDAH DALTON '*versus* ASA DALTON & T. M. HAYES & *al.*, *Trustees.*

Where, from the disclosure of a trustee, it appears that he has been notified by the principal defendant, that the funds in his hands belong to a deceased person, of whose will he is executor, and the defendant, as executor, makes application to the Court to be admitted to contest the question with the plaintiff, the issue to be determined, is, not whether the trustee is chargeable, but whether the funds belong to the defendant in his individual character, or to the estate of his testator.

ON EXCEPTIONS, by the principal defendant, Asa Dalton, to the ruling and adjudication of KENT, J., charging the trustees. From the disclosure of one of the trustees, it appears that the principal defendant left with them, for collection, a note against Hobson & *al.*, payable to him, upon which a suit was brought in his name, and the note collected; that the amount paid was in their hands at the time of the service of the writ upon them in this action. *That*, subsequently, they were notified by said Asa Dalton, that the note, though payable to him, was the property of Benjamin Dalton, deceased, and that he claimed it *as executor* of the last will of said deceased.

There was testimony introduced by the defendant Dalton, at the hearing before the Judge at *Nisi Prius*, tending to show that the note collected was given in payment of another note due to Benjamin Dalton. The testimony so taken was certified as part of the bill of exceptions. The order of Court,

charging the trustees, refers to the disclosure, the written testimony, and the "application of Asa Dalton, executor;" but no such application is found among the papers in the case.

*I. T. Drew* argued in support of the exceptions, and

*A. F. Chisholm,* for the plaintiff.

The opinion of the Court was drawn up by

DAVIS, J.— The defendant, as executor of Benjamin Dalton, claims to hold the funds in the hands of the trustees, as part of the estate of said testator. He excepts to the order charging the trustees for the benefit of the plaintiff.

The exceptions seem to indicate that said defendant, *as executor,* had made an "application" to the Court to be admitted to contest this question with the plaintiff. If so, he should have been admitted, and, upon the *issue made up,* the jury, or the Court, as the parties preferred, should have found, not whether the trustees were *chargeable,* but whether *the funds belonged to the estate of Benjamin Dalton.*

If the defendant, as executor, did make such an application to be admitted to contest this question, it has not been copied. It is not before us. But, in such case the proceedings were irregular. An issue of *fact* must be framed, which the parties may submit to the jury, or to the Court if both parties consent. As defendant, he was no party to the disclosure of the trustees; and the question of his rights, as executor, to the funds, had no connection with the question of his own indebtment to the plaintiff.

The question in this case is not whether the trustees have funds in their hands, but *to whom do the funds belong?* This question was not properly tried; and it was not *decided* at all by the Court, except by implication. The proceedings having been irregular, the exceptions must be sustained, and the case remanded to the Court sitting at *Nisi Prius* for further proceedings.

TENNEY, C. J., and APPLETON, CUTTING, GOODENOW, and KENT, JJ., concurred.